IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN VUCHO, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>CAROLYN W. COLVIN, )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | Civil Action No. 13-1313 |

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting Defendant's Motion for Summary Judgment. (ECF No. 14).

**I. BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits and supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed his applications in April of 2009, all alleging he had been disabled since February 28, 2007. (ECF No. 6-9, pp. 2, 4). Administrative Law Judge ("ALJ"), Guy Koster, held a hearing May 19, 2011. (ECF No. 6-12, pp. 2-35). On June 17, 2011, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 6-4, pp. 15-32).

Thereafter, Plaintiff sought review in this court. On September 27, 2012, Judge William L. Standish remanded the case for the ALJ to further consider the opinions of the consultative

1

psychological evaluators, Scott Kaper, Ph.D. and Stephen Perconte, Ph. D., regarding the severity of the limitation in Plaintiff's ability to interact appropriately with supervisors and coworkers. (ECF No. 18).

Upon remand, Plaintiff filed an additional SSI application. (ECF No. 6-9, pp. 24-32). Said application was consolidated with the remanded case. (ECF No. 6-5, p. 36). The ALJ held a supplemental hearing on May 29, 2013, and accepted additional evidence. (ECF No. 6-3, pp. 2-48). On June 28, 2013, the ALJ issued an unfavorable decision. (ECF No. 6-2, pp. 15-38). After exhausting all administrative remedies, Plaintiff filed the instant action with this court.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 9 and 14). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Plaintiff's Mental Residual Functional Capacity (RFC)[1]

Plaintiff argues that the ALJ's RFC finding[2] is inaccurate and is not supported by substantial evidence. (ECF No. 10, pp. 6-18). To support this assertion, Plaintiff first argues that the ALJ failed to include certain limitations in Plaintiff's RFC (and then subsequently failed to ask the vocational expert ("VE") hypothetical questions with those limitations. (ECF No. 10, pp. 8-10). After a review of the record, I find the ALJ's RFC finding is thoroughly explained and supported by substantial evidence. *See,* ECF No. 6-2, pp. 25-36 and evidence cited therein.

Moreover, an ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 6-3, pp. 25-35 and documents cited therein). Consequently, I find no error in this regard.

Next, Plaintiff argues that the ALJ failed to give appropriate weight to the state agency opinions of Dr. Stephen Perconte and Dr. Scott Kaper. (ECF No. 10, pp. 11-18). After a review of the evidence, I disagree.

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more

---

[1] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his/her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Additionally, a person's RFC is an administrative finding reserved for the ALJ, not a medical opinion to be rendered by a doctor. 20 C.F.R. §§ 404.1527*,* 416.927; 20 C.F.R. §§404.1546(c), 416.946(c).

[2] Plaintiff's RFC arguments are limited to his mental impairments. (ECF No. 10). As a result, my analysis will be limited accordingly.

weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). In this case, however, Plaintiff was not under the care of a psychiatrist, psychologist or mental health worker of any kind and does not take any medication for psychiatric reasons. (ECF No. 6-17, p. 3; No. 6-18, p. 25; 6-23, p. 3). According to Plaintiff, he has never been treated for his mental health. (ECF No. 6-5, p. 8; No. 6-3, pp. 9-10). Thus, there are no treating mental health opinions. Rather, the totality of the mental health record in this case consists of a series of consultative examiners.

Despite Plaintiff's allegations to the contrary, the ALJ determined Plaintiff's RFC by, *inter alia,* weighing the mental health evidence of record and providing explanations for his findings including the opinions of Dr. Perconte and Dr. Kaper. (ECF No. 6-2, pp. 31-36). For example, when a limitation noted by either Dr. Perconte or Dr. Kaper was not accepted, the ALJ specifically noted the same and set forth the reason for rejection, namely internal inconsistencies and inconsistencies with other medical evidence of record. *Id.* As such, I am able to make a meaningful review. Therefore, I find the ALJ properly discharged his duties in evaluating and weighing the opinions of Dr. Perconte and Dr. Kaper, and made findings supported by substantial evidence. Consequently, I find no error in this regard and remand is not warranted on this basis.

**C.    Vocational Expert**

Plaintiff also argues that the ALJ erred in relying on the vocational expert's testimony because such testimony is in conflict with the information contained in the Dictionary of Occupational Titles ("DOT"). (ECF No. 10, pp. 19-23). Specifically, Plaintiff contends that the three jobs that the VE identified as jobs the Plaintiff could perform (small parts assembler, ticket

checker and document preparer), as described in the DOT, would not be available to someone with Plaintiff's RFC. *Id.* Thus, Plaintiff submits that he is incapable of performing any of these jobs and the ALJ erred in relying on the vocational expert testimony. *Id.*

I turn to SSR 00-4p for guidance on this matter. *See* 2000 WL 1898704. It provides that:

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. *At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency. Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.*

*See* SSR 00-4p, 2000 WL 1898704 (emphasis added). SSR 00-4p also explains that a reasonable explanation for a conflict or apparent conflict, which may provide a basis for relying on the evidence from the vocational expert, rather than the DOT information, exists where "[t]he DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings. A VE, VS, or other reliable source of occupational information may be able to provide more specific information about jobs or occupations than the DOT." *Id.* The Court of Appeals for the Third Circuit similarly requires an ALJ to address and resolve any material inconsistencies or conflicts between the vocational expert's testimony and the DOT descriptions. *See Boone v. Barnhart*, 353 F.3d 203, 206 (3d. Cir. 2004). Indeed, the failure to do so may necessitate a remand. *Id*.

After careful review, I find the inconsistency was properly addressed at the hearing. Then, in his decision, the ALJ thoroughly discussed and resolved the inconsistency finding the VE's explanation for the difference to be reasonable. (ECF No. 6-3, pp. 32-48; No. 6-2, pp. 36-37). Based on the same, I find the ALJ was entitled to rely upon the vocational expert's testimony. SSR 00-04p. Therefore, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN VUCHO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 13-1313 |
| ) | |
| CAROLYN W. COLVIN, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 30th day of June, 2014, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is denied and Defendant's Motion for Summary Judgment (Docket No. 14) is granted.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge